ROBERT E. SHANNON, City Attorney
HOWARD D. RUSSELL, Deputy City Attorney
State Bar No. 163595
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone: (562) 570-2200
Facsimile: (562) 436-1579
Email: Howard.Russell@longbeach.gov

Attorneys for Defendants
CITY OF LONG BEACH, HARRY HAMPTON,
JUSTIN S. KRUEGER, BRIAN NYSTEDT

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISCHA WILSON and MICHAEL WILSON SR., as individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LONG BEACH, HARRY HAMPTON, JUSTIN S. KRUEGER, BRIAN NYSTEDT, and DOES 1 through 10, inclusive <br><br> Defendants. | Case No.: CV09-03544 PJW <br><br> *(Exempt from Filing Fees pursuant to Government Code §6103)* <br><br> Honorable Patrick J. Walsh, Magistrate Judge <br><br> [~~PROPOSED~~] PROTECTIVE ORDER <br><br> Complaint Filed: May 19, 2009 |

*Note Court's changes.*

### I.  INTRODUCTION

This case involves claims that Long Beach Police Officers Harry Hampton, Justin S. Krueger and Brian Nystedt used excessive force against Keischa Wilson and Michael Wilson, Sr., and that the City of Long Beach is liable under *Monell*. Defendants deny the allegations.

During the discovery process, Plaintiff was seeking from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of defendant peace officers, HARRY HAMPTON, JUSTIN S.

KRUEGER and BRIAN NYSTEDT, including relevant Internal Affairs files, personnel complaints, and records of discipline. Defendants object to production (not inspection) of the records without a protective order. Defendants have produced without objection the remainder of discovery.

## II. GOOD CAUSE STATEMENT

Plaintiff has requested certain privileged items. It should be noted that in response to the request, defendants will produce the following under a Protective order:

The personnel files of defendant HARRY HAMPTON;

The personnel files of defendant, JUSTIN S. KRUEGER; and

The personnel files of defendant, BRIAN NYSTEDT.

Defendants contend that the records identified herein above are confidential and not subject to disclosures absent a protective order. Specifically, under state law these records are only subject to disclosures after compliance with Evidence Code sections 1040, et seq., commonly referred to as a "Pitchess" motion. The statutory scheme is based on the premise that: "Peace officer personnel records . . .are confidential and shall not be disclosed by the department or agency that employs the peace officer in any criminal proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code" and Penal Code §832.7(a). A plaintiff in a civil action would have less of a due process right than a criminal defendant. As a result, civil discovery statutes are not applicable in obtaining this information.

A police officer, just like any other person, also has a constitutional right of privacy regarding his or her personnel file under the California Constitution Article I, Section 1. *city and County of San Francisco v. Superior Court* (1981) 125 Cal.App.3d 879, 882 [178 Cal.Rptr.435].

Although these rules do not specifically apply to the Federal arena, the disclosure of the materials requested by the plaintiff without a protective order,

would permit other litigants to obtain confidential information not otherwise available to them. In essence, the disclosures permit other "users" to circumvent the detailed statutory requirements in state court; and permit free exchange of information for pending litigation without conducting discovery in federal court.

Defendants respectfully submit that good cause does exist for the issuance of a Protective Order, and that plaintiff will not be prejudiced in any manner as a result.

### III. PROTECTIVE ORDER

The stipulated points for the Productive Order are stated as follows:

1. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of defendant officers HARRY HAMPTON, JUSTIN S. KRUEGER, and BRIAN NYSTEDT, including relevant Internal Affairs history of defendants, personnel complaints and records of discipline.
2. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.
3. Copies of the record shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.
4. Copies of the records may be used at time of trial only if so ordered by the court. Additionally, reference to the content of any records, or the existence of any such record shall only be made after so ordered by the Court.
5. If necessary in t he judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if the same may actively assist in the prosecution or defense of

this case.

6. Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be sealed.

7. After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

8. Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

9. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

10. This order may be signed in counterparts. A faxed signature shall serve with the same force and effect of an original signature.

11. Under seal filings are governed by Local Rule 79-5. This rule requires court approval to file a document under seal. This protective order does not qualify as court approval. PJW

///
///
///

PROTECTIVE ORDER

1  The Court retains jurisdiction to modify this Protective Order and to make
2  further Orders with respect to control and use of the information delivered to the attorneys
3  for the parties pursuant to this Order, including Orders as to the ultimate disposition of said
4  copies while the judicial process is pending.
5  ///
6  DATED: July 12, 2010          ROBERT E. SHANNON, City Attorney
                14
7
                                 By: [signature]
8                                    HOWARD D. RUSSELL,
9                                    Deputy City Attorney
                                     Attorneys for Defendants
10                                   CITY OF LONG BEACH, HARRY
11                                   HAMPTON, JUSTIN S. KRUEGER,
                                     BRIAN NYSTEDT
12
13  DATED: _____, 2010.
14
                                 THE COCHRAN FIRM – LOS ANGELES
15
16
                                 By:_____
17                                   Brian T. Dunn, Esq.
18                                   Mariel A. Gerlt, Esq.
                                     Attorneys for Plaintiff KEISCHA WILSON
19                                   And MICHAEL WILSON, SR.
20
21
22  IT IS SO ORDERED.
23  DATED: _____, 2010.
24
25
                                 _____
26                               Hon. Patrick J. Walsh, Magistrate Judge
                                 UNITED STATES DISTRICT COURT
27
28

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate disposition of said copies while the judicial process is pending.

///

DATED: July 12, 2010

ROBERT E. SHANNON, City Attorney

By: _____
HOWARD D. RUSSELL,
Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, HARRY HAMPTON, JUSTIN S. KRUEGER, BRIAN NYSTEDT

DATED: 7-13, 2010.

THE COCHRAN FIRM – LOS ANGELES

By: _____
Brian T. Dunn, Esq.
Mariel A. Gerlt, Esq.
Attorneys for Plaintiff KEISCHA WILSON
And MICHAEL WILSON, SR.

IT IS SO ORDERED.
DATED: 7/15, 2010.

_____
Hon. Patrick J. Walsh, Magistrate Judge
UNITED STATES DISTRICT COURT

5
PROTECTIVE ORDER